**In the Matter of Brant R. BECKETT**

No. 71S00–0401–DI–42.

Supreme Court of Indiana.

July 15, 2005.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** Respondent's misconduct occurred in four separate cases. First, a client hired respondent in 1997 to file a wrongful termination claim and paid respondent a $100 retainer and $100 for filing fees. Respondent provided a draft of a complaint to the client, which led the client to believe the claim had been filed. The client had difficulty reaching respondent and went to the courthouse in 1999, where he discovered his suit had not been filed. The client requested the return of his papers, but the respondent did not comply with the request.

Second, in 1996, clients hired respondent to file litigation related to injuries suffered from alleged defects in the clients' home. Respondent failed to file the suit and failed to respond to repeated demands from the clients to return their files and paperwork.

Third, in June 1996, clients hired respondent to handle a wrongful death claim and a separate and unrelated personal injury action. In May 2001, respondent obtained a default judgment in the wrongful death case, with a hearing on damages set for June. No one appeared for the June hearing and the matter remains pending. The personal injury claim was ultimately dismissed because respondent did not provide a proper tort claim notice.

Finally, in January 1998, a client hired respondent to represent him in an attempt to prove his ex-wife an unfit mother. The ex-wife filed a petition to modify support. After the hearing, the judge requested support calculations from counsel, which respondent never provided. The court ruled against the client on June 21, 2000, but respondent never informed the client. The client learned of the ruling in August 2000. The clients numerous attempts to contact the client went unanswered.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.1, which requires a lawyer to provide competent representation; Prof.Cond.R. 1.3, which requires a lawyer to act with reasonable diligence and promptness; Prof. Cond.R. 1.4(a), which requires a lawyer to keep his clients adequately informed about the status of a matter; and Prof.Cond.R. 1.16(d), which requires a lawyer to return unearned fees.

**Discipline:** One hundred twenty (120) day suspension from the practice of law,

effective August 20, 2005, with automatic reinstatement thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

SHEPARD, C.J. and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents believing the discipline to be insufficient.